# NO. 12-24-00215-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DONALD WILLIAM JOLLS,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Donald William Jolls filed a pro se notice of appeal from his conviction for possession of a controlled substance.[1] On July 31, 2024, this Court remanded the appeal to the trial court because the time to file Appellant's docketing statement expired. We ordered that the trial court immediately conduct a hearing to determine the cause of Appellant's failure to file the docketing statement and whether Appellant abandoned the appeal.

The trial court conducted said hearing on August 12, during which the following exchange occurred:

> Trial Court: All right. Mr. Jolls, I've gotten an order from the Twelfth Court of Appeals regarding the fact that you've not filed a docketing statement on your appeal.
> Appellant: A friend of mine filled that out and I told him not to.
> Trial Court: Okay. Are you planning on pursuing your appeal?
> Appellant: No.
> Trial Court: Okay. So you are going to abandon your appeal; is that right?
> Appellant: Yes, ma'am.

---

[1] Appellant pleaded "guilty" to possession of a controlled substance and, pursuant to an agreed punishment recommendation, the trial court sentenced Appellant to eight months in state jail. Appellant and his counsel signed a written certification of Appellant's right to appeal, which states that this is a plea bargain case and Appellant has no right of appeal, and signed a written waiver of appeal.

Trial Court: Okay. Okay. I'll let the Twelfth Court know that and there will be a supplemental clerk's record filed with the Twelfth Court reflecting that you no longer wish to pursue your appeal.

The trial court subsequently informed this Court that Appellant stated at the hearing that he does not plan to pursue an appeal and abandons the appeal.

At any time before an appellate court's decision, the appellate court may dismiss the appeal upon the appellant's motion signed by both appellant and his counsel. TEX. R. APP. P. 44.2(a). Appellant has not filed a motion to dismiss his appeal. Nevertheless, based on Appellant's representations at the hearing and the trial court's letter to this Court, we conclude that good cause exists to suspend the operation of Rule 42.2(a) in accordance with Rule 2. *See* TEX. R. APP. P. 2 ("On a party's motion or on its own initiative an appellate court may--to expedite a decision or for other good cause--suspend a rule's operation in a particular case and order a different procedure"); *see also **Salinas v. State***, No. 01-20-00300-CR, 2020 WL 5900572, at *1-2 (Tex. App.—Houston [1st Dist.] Oct. 6, 2020, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeal "based on appellant's statements on the record, and under oath, at the abatement hearing," finding good cause to suspend operation of Rule 42). Accordingly, we ***dismiss*** the appeal.

Opinion delivered August 29, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2024**

**NO. 12-24-00215-CR**

**DONALD WILLIAM JOLLS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0703-24)

---

THIS CAUSE came on to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is hereby **dismissed**; and that the decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*